**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

m 99-31192

_____

JORGE RODRIGUEZ,

Plaintiff-Appellant,

VERSUS

BURL CAIN,
WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2687)

_____

March 7, 2001

Before REAVLEY, SMITH, and DeMOSS,
Circuit Judges.

PER CURIAM:[*]

Jorge Rodriguez appeals the denial of his
petition for writ of habeas corpus under 28

U.S.C. § 2254, arguing that the jury
instructions violated *Cage v. Lousiana*, 498
U.S. 39 (1990). We affirm, but on a ground
different from that used by the district court.

I.

Rodriguez was convicted of second degree
murder.[1] The sentence was affirmed by the

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R.
47.5.4.

[1] The Louisiana Court of Appeal thoroughly
discussed the facts surrounding Rodriguez's con-
viction in *Louisiana v. Rodriguez*, 635 So. 2d 391
(La. App. 4th Cir. 1994), *writ denied*, 678 So. 2d

Louisiana Court of Appeal in November 1983. After denying several applications for post-conviction relief, the Louisiana Court of Appeal ordered the trial court to allow an out-of-time appeal pursuant to *Lofton v. Whitley*, 905 F.2d 885 (5th Cir. 1990).[2]

In that appeal, Rodriguez asserted several grounds, including that the trial court improperly had instructed the jury regarding reasonable doubt.[3] The Court of Appeal held, *inter alia*, that Rodriguez's *Cage* claim was procedurally barred by Louisiana's contemporaneous objection rule. *See Rodriguez*, 635 So. 2d at 396. After the Louisiana Supreme Court denied review, Rodriguez in October 1998 filed his federal habeas petition, seeking review of eleven asserted errors, including his *Cage* claim.

The district court denied the petition but issued a certificate of appealability ("COA") on the *Cage* claim. Rodriguez appealed, once again asserting his *Cage* claim and seeking a COA for several other claims, which we denied. Thus, only the *Cage* claim is at issue in this appeal.

---

33 (La. 1996).

[2] In *Lofton*, 905 F.2d at 890, we required the Louisiana Court of Appeal to grant an out-of-time appeal where Lofton's original appellate counsel had failed either to assert any nonfrivolous grounds for appeal or to follow the proper procedures for withdrawal under *Anders v. California*, 386 U.S. 738 (1967).

[3] The jury instructions are not part of the record. Rodriguez contendsSSand we assume for purposes of this appealSSthat the reasonable doubt instruction violated *Cage*.

## II.

The district court concluded that Rodriguez was procedurally barred from asserting his *Cage* claim because he had failed either to show that he had contemporaneously objected to the improper instruction or to demonstrate both cause for the failure and prejudice resulting from a refusal to review the issue in the habeas posture. We conclude that we are barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") from considering the *Cage* claim and that we therefore cannot reach the issue of whether the claim is procedurally barred.

"In general, a 'new rule' [of constitutional law] will not apply retroactively to the habeas petition of a prisoner whose conviction became final before the Supreme Court announced the rule." *Williams v. Cain*, 229 F.3d 468, 472 (5th Cir. 2000) (citing *Teague v. Lane*, 489 U.S. 288, 305-06 (1989)). *Cage* announced just such a new rule;[4] nonetheless, we have held that a prisoner may retroactively raise a *Cage* claim in a habeas petition under one of *Teague*'s two exceptions. *See Humphrey v. Cain*, 138 F.3d 552, 553 (5th Cir. 1998) (en banc) (adopting the reasoning of *Humphrey v. Cain*, 120 F.3d 526 (5th Cir. 1997)).

AEDPA abrogated *Humphrey*'s retroactive application of *Cage*, however, with respect to habeas petitions filed after the effective date of AEDPA: "Applying [AEDPA's] statutory amendments to 28 U.S.C. § 2254(d)(1), we can grant a writ of habeas corpus only if the state court's determination of law, on a *de novo* review, violated Supreme Court precedent in existence at the time of the

---

[4] *See In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998).

petitioner's conviction." *Muhleisen v. Ieyoub*, 168 F.3d 840, 844 (5th Cir.), *cert. denied*, 528 U.S. 828 (1999). Thus, "a lower federal court's holding that *Cage* . . . appl[ies] retroactively is insufficient to make [it] retroactive under AEDPA. . . . [T]he Supreme Court itself must have held that the rule is retroactive. It has not done so with respect to *Cage* errors." *Williams v. Cain*, 229 F.3d at 474 (noting also that "[n]othing the in Supreme Court's recent decision in *Williams v. Taylor*, 529 U.S. 362 (2000), is contrary to this rule of *Muhleisen*" (citation omitted)). Consequently, if a prisoner seeks habeas review of a conviction that became final before *Cage* was decided, we cannot review the conviction for *Cage* error unless the habeas petition was filed before the effective date of AEDPA. *See id.*

Rodriguez's conviction became final in 1983, long before *Cage* was decided, so any application of *Cage* necessarily would be retroactive. Rodriguez did not file his habeas petition until October 1998, over two years after the effective date of AEDPA. We therefore are barred from considering his *Cage* claim.

AFFIRMED.