IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30558
Summary Calendar
_____

RONNELL CARNEY,

Petitioner-Appellant,

versus

ED DAY, JR., Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-712-K
--------------------

December 28, 1999

Before KING, Chief Judge, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronnell Carney, Louisiana state prisoner # 104429, has appealed the district court's denial of habeas corpus relief. The district court granted a certificate of appealability (COA) on whether Cage v. Louisiana, 498 U.S. 39 (1990), is retroactively applicable to the state court's instructions on reasonable doubt at Carney's trial. We VACATE and REMAND.

The district court held that Carney was not entitled to relief on his Cage claim because "the Louisiana Supreme Court's decision to uphold the trial court jury instruction was not (and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not) `contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States' as required under section 2254(d)." The district court distinguished Humphrey v. Cain, 138 F.3d 552 (5th Cir.) (en banc), cert. denied, 119 S. Ct. 348, 365 (1998), on grounds that Humphrey's claim was not subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), because he filed his federal habeas petition prior to its effective date. Consequently, the district court did not advert to whether there may be merit to Carney's Cage claim.

The district court reasoned further that "[t]he Cage case was decided after Carney's conviction, so even assuming arguendo that the trial court's jury instructions on 'reasonable doubt' were impermissible under Cage, the Louisiana Supreme Court would have had to apply Cage retroactively in order to afford Carney relief." This reasoning is not valid because Carney's case was pending on direct appeal on November 13, 1990, when Cage was decided. See State v. Carney, 592 So. 2d 515 (La. Ct. App. 1992). "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314, 328 (1987), quoted in Powell v. Nevada, 511 U.S. 79, 84 (1994).

The district court also erred by holding that Cage is not applicable to habeas cases (except successive petitions, In re Smith, 142 F.3d 832 (5th Cir. 1998)), filed subject to the AEDPA

version of the federal habeas statutes.  See <u>Morris v. Cain</u>, 186 F.3d 581 (5th Cir. 1999).

Carney contends that he is entitled to relief on the merits. However, this court lacks jurisdiction to reach the merits, because the district court did not do so.  See <u>Whitehead v. Johnson</u>, 157 F.3d 384, 386-88 (5th Cir. 1998).

The respondent-appellee asserts that the district court's judgment is due to be affirmed on grounds that Carney's claim is time-barred under 28 U.S.C. § 2244(d); and because of his procedural default, <u>i.e.</u>, his failure to lodge a contemporaneous objection to the jury instruction on reasonable doubt.  These points are not justiciable at this time, because they are not implicated in the district court's grant of a COA.  See 28 U.S.C. § 2253(c).

VACATED AND REMANDED.