IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30931

_____

MICHAEL STEWARD,

Petitioner-Appellee,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

July 20, 2001

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Respondent-appellant Burl Cain, Warden, Louisiana State Penitentiary, (Louisiana) appeals the district court's grant of petitioner-appellee Michael Steward's petition for writ of habeas corpus. We reverse.

**Facts and Proceedings Below**

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

In September 1987, Steward was convicted of first-degree robbery and sentenced to forty years in prison. The jury in Steward's trial was given an instruction indistinguishable from that this Court, in *Morris v. Cain*, 186 F.3d 581, 585-86 (5th Cir. 2000), found unconstitutional under *Estelle v. McGuire*, 112 S.Ct. 475, 482 & n.4 (1991) and *Victor v. Nebraska*, 114 S.Ct. 1239, 1243 (1994).[2] Steward's counsel failed to object to this instruction at trial. After "errors patent" and an out-of-time appeals repeatedly resulted in his conviction being affirmed, Steward filed a motion for post-conviction relief in state court on November 26, 1996.[3]

In his state habeas petition, Steward asserted three grounds for relief: 1) ineffective assistance of counsel for counsel's failure to impeach a government witness about an inconsistent statement offered at another Steward trial; 2) ineffective assistance of counsel for counsel's failure to object to the introduction of an allegedly incriminating statement made by Steward; and 3) the jury instruction

[2]*Estelle* and *Victor* modified the test of *Cage v. Louisiana*, 111 S.Ct. 328 (1990), and established that a jury instruction is unconstitutional if there is a reasonable likelihood that the jury applied the instruction unconstitutionally, i.e. if the jury interpreted the instructions as allowing conviction upon less than proof beyond a reasonable doubt.

[3]The Louisiana Fourth Circuit Court of Appeal affirmed Steward's conviction in the errors patent appeal on June 29, 1989. *State v. Steward*, 545 So.2d 1317 (La. Ct. App. 1989). After Steward was granted an out-of-time appeal, his conviction was affirmed by Louisiana's Fourth Circuit on August 31, 1993. *State v. Steward*, 622 So.2d 877 (La. Ct. App. 1993). The Louisiana Supreme Court affirmed on November 29, 1993. *State v. Steward*, 629 So.2d 418 (La. 1993).

pertaining to reasonable doubt was unconstitutional. On July 11, 1997, the state trial court denied relief on all claims. The court did not reach the merits of Steward's jury instruction claim, specifically stating that because Steward failed to object to the instruction at trial, the issue had not been preserved for any further review.[4]

On September 15, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed, referring to the jury instruction only as follows: "Counsel's performance was not deficient due to counsel's failure to object to the jury instruction on reasonable doubt six years before that instruction was held to be unconstitutional. *State v. Wolfe*, 630 So.2d 872, 883 (La. App. 4th Cir. 1993), writ denied 94-0448 (La. Oct. 28, 1994), 664 So.2d 648." *State v. Steward*, No. 97-K-1576 (La. App. 4 Cir. 9/15/97), *writ denied*, 97-2605 (La. 4/24/98). The Louisiana Supreme Court affirmed without comment. *State v. Steward*, 717 So.2d 1159 (La. 1998).

Steward filed his federal habeas petition on February 1, 1999, maintaining that the reasonable doubt instruction violated due process. Before the district court, Louisiana argued that because Steward had procedurally defaulted the *Cage* claim in state court federal habeas review of that claim was improper. The district court disagreed, finding that as a result of the court of appeal's opinion the procedural bar relied upon by the trial court ceased to be an independent state procedural ground for refusing to hear Steward's jury instruction claim. At the same time, the district court found that under *Miller v. Johnson*,

---

[4]In Louisiana, this is known as the contemporaneous objection rule.

3

200 F.3d 274, 281 (5th Cir. 2000), Steward's *Cage* claim had not been adjudicated on the merits, and that, therefore, the deferential standards of 28 U.S.C. § 2254(d) did not apply. The district court then proceeded to hold that the jury instruction was unconstitutional and granted the writ on that basis. The district court denied relief as to Steward's ineffective assistance of counsel claims.

Louisiana appeals the district court's finding that Steward's *Cage* claim may be heard on federal habeas.[5]

## Discussion

If a state court refuses to hear a state prisoner's federal claims because the prisoner failed to comply with a regularly enforced state procedural requirement, the independent and adequate state ground doctrine serves to bar federal habeas for those claims. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991); *Amos v. State*, 61 F.3d 333, 338 (5th Cir. 1995). In *Muhleisen v. Ieyour*, 168 F.3d 840, 843 (5th Cir. 1999), this Court held that Louisiana's contemporaneous objection rule, as applied to *Cage* claims, is constitutionally adequate. Thus, when a state court relies upon the contemporaneous objection rule to reject a prisoner's claims, federal habeas review of those claims is improper. There is no question that the state trial court relied on the contemporaneous objection rule in refusing to hear Steward's *Cage* claim. However, "state procedural bars are not immortal" and "may expire because of later actions by state courts. If the last state court to

---

[5]Steward has not cross-appealed or filed any brief in this Court.

be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 111 S.Ct. 2590, 2593 (1991). *Ylst* commands that, when determining whether subsequent action by a state court causes the procedural bar to expire, we apply the following presumption: "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id*. at 2594. This presumption is appropriate because "silence implies consent" and courts affirm "without further discussion when they agree, not when they disagree, with the reasons given below." *Id*. at 2595. *Ylst* defined an unexplained order as "an order whose text or accompanying opinion does not disclose the reason for the judgment." *Id*. at 2594.

The district court acknowledged that the Louisiana trial court explicitly relied upon the contemporaneous objection rule in rejecting Steward's *Cage* claim, but did not view the trial court's decision as the last reasoned state judgment. It viewed the court of appeal's decision as the last reasoned state judgment and concluded that the court of appeal misconstrued Steward's *Cage* claim as an ineffective assistance of counsel claim and disposed of *that* claim on the merits without invoking the contemporaneous objection rule. Therefore, according to the district court, that rule can no longer be considered an independent state ground. This analysis is flawed in several respects.

5

First, the district court erred when it considered the court of appeal's decision to be the last reasoned state court judgment. The district court appears to have taken the position that unless an affirmance is without opinion, the presumption of *Ylst* does not apply. We disagree. While the court of appeal's opinion was reasoned as to some issues, it was silent, and therefore not reasoned, as to Steward's *Cage* claim. *Ylst* makes clear that where "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id*. We believe this presumption applies unless there is some significant, meaningful indication in the last reasoned state court opinion that the court is no longer relying upon the procedural bar, i.e. that the court considered, on the merits, the *particular claim* that had been held procedurally barred.[6] This is in harmony with the rule that a plain statement of a state court's reliance upon a state procedural bar is only required "when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law." *Hogue v. Johnson*, 131 F.3d 466, 493 (5th Cir. 1997) (quoting *Coleman v. Thompson*, 111 S.Ct. 2546, 2559 (1991)). The district court should have "looked through" to the last reasoned consideration in a state court judgment of Steward's *Cage* claim, here the state trial court's opinion which wholly relied upon the

---

[6]Of course, the presumption can be rebutted. *See Ylst*, 111 S.Ct. at 2595. However, there is nothing present here to rebut the presumption.

6

contemporaneous objection rule.

Although we believe the court of appeal's judgment should be viewed as silent toward Steward's *Cage* claim, we note that the court's citation to *State v. Wolfe*, 630 So. 2d 872, 883 (La. App. 4 Cir. 1993), implies agreement with the trial court's invocation of the contemporaneous objection rule. On the cited page, the *Wolfe* court finished explaining that the defendant had argued a *Cage* violation and that counsel was ineffective for failing to object to the instruction, then proceeded to discuss each issue separately. The court found that the defendant's *Cage* claim was meritless "because there was no contemporaneous objection." *Id*. In a new paragraph, the court decided that failure to object to the jury instruction was not ineffective assistance of counsel[7] because the United States Supreme Court had not yet declared the instruction unconstitutional. *Id*. There was no need for the court of appeal in *Steward* to discuss the procedural bar aspect of *Wolfe* because it agreed with the trial court's handling of that issue. *See Ylst*, 111 S.Ct. at 2595. Had the court of appeal disagreed with the trial court's invocation of the contemporaneous objection rule, it would have been necessary to address the *Cage* claim on the merits *and* explain its disagreement with its prior reliance on the contemporaneous objection rule in *Wolfe*. The court of appeals did neither, and in fact

---

[7]And hence, inferentially, did not relieve the petitioner of the consequences of failure to comply with the contemporaneous objection rule.

cited *Wolfe* with approval.  To the extent, then, that the court of appeal's opinion could be read as referring to Steward's *Cage* claim, it supports the continued vitality and independence of the procedural bar erected by the trial court.

Finally, the district court erred in concluding that the court of appeal misconstrued Steward's *Cage* claim as a claim of ineffective assistance of counsel and that this misconstruction caused the procedural bar relied upon by the trial court to expire.  It is very unlikely that the court of appeal misconstrued Steward's *Cage* claim. Steward's *pro se* brief to that court clearly described his *Cage* claim. The court of appeal's statement that failure to object to the instruction did not constitute ineffective assistance of counsel likely reflects no more than that court's desire to address the only permutation of Steward's *Cage* claim that could have surmounted the procedural bar.[8] Even if the court of appeal did, somehow, misconstrue Steward's *Cage* claim (as presented to it) as being an ineffective assistance of counsel claim, that is not equivalent to any consideration of the *Cage* claim as such on its merits (or otherwise) or any character of abandonment of the trial court's reliance upon the contemporaneous objection rule.  Any such misconstruction is equivalent to and should be treated as silence respecting the *Cage* claim itself and the trial

---

[8]Again, under this reading of the court of appeal's opinion, which we believe to be the correct one, the opinion was silent as to the trial court's disposition of Steward's *Cage* claim.

court's unquestionably proper disposition of it.

Before the district court, Steward argued that his case represented an exception to the contemporaneous objection rule, but he did not alternatively argue cause and prejudice for the default. There is nothing in the record to support such an argument. Accordingly, as the last reasoned state court judgment rejecting Steward's *Cage* claim did so based on an independent and adequate state ground, the contemporaneous objection rule, federal habeas review is barred. *See Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991).

## Conclusion

For the reasons stated, the district court's grant of Steward's petition for writ of habeas corpus is

REVERSED.