**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-41216

_____

ALBERTO VALDEZ,

Petitioner - Appellee,

versus

JANIE COCKRELL, Director, Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi

April 12, 2002
ON PETITION FOR REHEARING EN BANC
(Opinion 12/3/01, 5th Cir., 2001, 274 F.3d 941)

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The court having been polled at the request of one of the members of the court and a majority

of the judges who are in regular active service not having voted in favor (FED. R. APP. P. and 5TH

CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

JAMES L. DENNIS, Circuit Judge, joined by JACQUES L. WIENER, JR., HAROLD R. DeMOSS, JR., and ROBERT M. PARKER, Circuit Judges, dissenting from the denial of the Petition for Rehearing En Banc:

Before the court is a panel opinion holding that a full and fair hearing in state court is not a prerequisite to the application of 28 U.S.C. § 2254's "deferential scheme."[1] Because this interpretation of the AEDPA precludes meaningful review of state court decisions rendered in a procedurally defective manner, this case merits the full attention of this court. Therefore, I respectfully dissent from the denial of rehearing en banc.

The parties present a habeas court with opposing views or *beliefs* concerning the underlying facts and procedural process that resulted in a criminal conviction. But the only way for the habeas court to *know* what went on at trial is to read the transcript. Review of the record is particularly important when the habeas judge did not preside over the criminal trial. The state habeas judge in Alberto Valdez's case was not the trial judge, and he admitted, in cavalier fashion, that he was not familiar with the record: "I have never read the record of the trial and I don't intend to. I don't have the time."[2] Nevertheless, the state habeas court issued findings of fact and conclusions of law denying Valdez relief.

---

[1]*See Valdez v. Cockrell*, 274 F.3d 941, 950–51 (5th Cir. 2001).

[2]*Valdez v. Johnson,* 93 F. Supp. 2d 769, 776 (S.D. Tex.1999) (quoting State Hrg. on Prop. Find. & Concl. Law, 144–45).

Valdez later filed a federal habeas petition, and the district court granted relief on his ineffective assistance of counsel claim. The district court was certainly aware of the AEDPA and the respect that it bestows on a state habeas court's adjudication on the merits. It also recognized, however, that the state habeas judge's failure to read the record denied Valdez a full and fair hearing on a federal constitutional claim. The court therefore found that § 2254(e)(1)'s presumption of correctness and § 2254(d)'s standards of review were largely inapplicable. In reaching this conclusion, the court relied on the Supreme Court's decision in *Townsend v. Sain*[3] and the Tenth Circuit's opinion in *Miller v. Champion*.[4] In *Townsend*, the Court held that a federal evidentiary hearing is mandatory if the habeas applicant did not receive a full and fair hearing in state court.[5] In a mandatory federal evidentiary hearing, "it is the federal judge's duty to disregard the state findings . . . ."[6] The *Miller* court observed, in a post-AEDPA case, that the denial of a full and fair hearing in state court still renders inoperative the statutory presumption of correctness:

> [Although] [f]ederal courts entertaining habeas petitions must give a presumption of correctness to state courts' factual findings, ... [t]his presumption of correctness does not apply ... if the habeas petitioner did not receive a full, fair, and adequate hearing in the state court proceeding on the matter sought to be raised in the habeas petition.[7]

---

[3]372 U.S. 293 (1963).

[4]161 F.3d 1249 (10th Cir. 1998).

[5]*See Townsend*, 372 U.S. at 312–13.

[6]*Id.* at 316.

[7]*Miller*, 161 F.3d at 1254 (internal quotation and citation omitted).

Today, a majority of this court takes a different approach from our sister circuit and again disregards the Supreme Court's warnings against interpreting the AEDPA in a manner that produces "far-reaching and seemingly perverse" implications for habeas practice.[8] The panel opinion insulates a state habeas court's decision on a federal ineffective assistance of counsel claim, which is highly fact specific, from meaningful review in a federal habeas court without regard to the quality of the state court's fact-finding procedure. But if a full and fair hearing is not a prerequisite to a state-court adjudication on the merits that is entitled to deference in federal court under the AEDPA, then state courts are free to (1) rubber-stamp the prosecuting body's proposed findings of fact and conclusions of law, (2) deny the petitioner relief without affording him a hearing, and (3) effectively prevent a federal court from later granting the requested relief. I do not believe that the AEDPA left the Great Writ so impotent.[9] According to one leading scholar:

A change of that kind would be dramatic and not something that anyone would lightly read into the [AEDPA] . . . . One can imagine that, in some circumstances at least, serious constitutional questions would be raised by a rule that requires a federal court to accept a factual finding made in state court, with no written statement of the finding on which to focus and with no ability to assess the process

[8]*Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998). The Supreme Court recently rejected a Fifth Circuit interpretation of the AEDPA in favor of a more stringent habeas review of state court decisions. *See Williams v. Taylor*, 529 U.S. 362 (2000) (rejecting the "reasonable jurists" standard adopted by this court in *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), in favor of an "objectively unreasonable" standard). *See also Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000), *overruled by INS v. St. Cyr*, 533 U.S. 289 (2001).

[9]*See Miller*, 161 F.3d at 1254 ("[B]ecause the state court did not hold any evidentiary hearing, we are in the same position to evaluate the factual record as it was. Accordingly, to the extent the state court's dismissal of Mr. Miller's petition was based on its own factual findings, we need not afford those findings any deference.").

out of which that finding emerged and the evidence on which it was based.

. . . .

I read § 2254(e)(1) to drop the specific procedural and substantive standards contained in the former § 2254(d). But I do not read it to dispense with a federal court's rudimentary responsibility to ensure that it is deciding a constitutional claim based on factual findings that were forged in a procedurally adequate way and were anchored in a sufficient evidentiary record. In this sense, § 2254(e)(1) departs from prior law, but only to substitute general notions of procedural regularity and substantive accuracy for detailed statutory standards.[10]

The AEDPA repealed former § 2254(d) and replaced it with two new provisions dealing with state court fact-findings and fact-finding procedures, 28 U.S.C. §§ 2254(d)(2) and 2254(e)(1). A United States district court has the authority to grant a writ of habeas corpus where the state-court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[11] But this authority must be interpreted in relation to the congressional directives that "a determination of a factual issue made by a State court shall be presumed to be correct," and that a habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."[12] In my dissent from

---

[10]Larry W. Yackle, *Federal Evidentiary Hearings Under the New Habeas Corpus Statute*, 6 B.U. PUB. INT. L.J. 135, 140–41 (1996).

[11]28 U.S.C. § 2254(d)(2).

[12]28 U.S.C. § 2254(e)(1).

the panel majority's opinion, I stated that § 2254(d)(2) and §2254(e)(1) must be read *in pari materia*.[13] Doing so leads to the conclusion that the "'determination[s] of a factual issue made by a State court' that section 2254(e)(1) tells courts to 'presume[] to be correct' are only those determinations that survive section 2254(d)(2)'s winnowing out of '*unreasonable determination[s].*'"[14] The panel majority, however, found what it considered to be "an easier way to harmonize § 2254(d)(2) and § 2254(e)(1)" and offered the following example:

> [A] district court may find by clear and convincing evidence that the state court erred with respect to a particular finding of fact, thus rebutting the presumption of correctness with respect to that fact. *See* § 2254(e)(1). It is then a separate question whether the state court's determination of facts was unreasonable in light of the evidence presented in the state court proceeding. *See* § 2254(d)(2). Thus, it is possible that, while the state court erred with respect to one factual finding under § 2254(e)(1), its determination of facts resulting in its decision in the case was reasonable under § 2254(d)(2).[15]

This explanation makes sense in cases where the petitioner received a full and fair hearing in state court. If the state court does not afford such a hearing, a federal evidentiary hearing is mandatory

---

[13]*See Valdez v. Cockrell*, 274 F.3d 941, 968 (5th Cir. 2001) (Dennis, J., dissenting).

[14]1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 20.2c, at 826 (4th ed. 2001).

[15]*Valdez v. Cockrell*, 274 F.3d at 951 n.17.

under *Townsend*.[16]  It is here that the panel majority's explanation places the district judges in this circuit in a difficult position by requiring a district court, after spending time and energy conducting an evidentiary hearing, to disregard the evidence developed before it and instead give deference to a state-court decision made through defective process or on an incomplete record.  This court would achieve better results if it recognized that the denial of a full and fair hearing in state court produces *per se* "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17]  Such a *per se* rule would be fully consistent with the text of the AEDPA.[18]  Moreover, it would continue a consistent theme in our jurisprudence recognizing that we defer to a state habeas court so long as it delivers a real decision on the merits based on a procedurally reasonable determination of the facts.[19]  Finally, it would avoid the serious constitutional questions raised by the panel majority's interpretation of the AEDPA.[20]

ENDRECORD

---

[16]*See, e.g., Hughes v. Johnson*, 191 F.3d 607, 630 (5th Cir. 1999).

[17]28 U.S.C. § 2254(d)(2).

[18]*See* 1 HERTZ & LIEBMAN, *supra* note 14, § 20.2c, at 825–31.

[19]*See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir.1999) ("A full and fair adjudication of a petitioner's claims in state court is a prerequisite for application of AEDPA's review provisions."); *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir.1998) ("In this Circuit, provided the state court conducted a full and fair adjudication of the petitioner's claims, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2).").

[20]*See supra* text accompanying note 10.

Judges Wiener and Parker join Judge Dennis's dissent and write separately to add the following:

The crux of the majority's opinion is that application of the AEDPA's deference scheme swings on whether the state *habeas* court reached an "adjudication on the merits." The majority's "logic" simplistically reasons that (1) anything —— everything —— that is not "procedural" is automatically "substantive"; (2) any ruling that is "substantive" is an "adjudication on the merits"; ergo, (3) any non-procedural ruling is an adjudication on the merits and is immunized from federal *habeas* review under the AEDPA's deference scheme. As accepted by the majority, this flawed syllogism eviscerates meaningful federal *habeas* review of a state court's flaunting abdication of its duty to apply "the law of th[e Supreme] Court to the facts of a prisoner's case." *Valdez*, 274 F.3d at 946-47. When, as here, the state *habeas* judge delays a determination for six years of inaction between two perfunctory hearings, loses the exhibits in the meantime, and announces that he is too busy to acquaint himself with the case by reading the trial transcript, we cannot credit that judge's putting pen to paper and rubberstamping the state's proposed findings as being an "adjudication on the merits." If this court's level of deference extends to what happened in this case, then federal *habeas* review has been reduced to nothing more than a search for the state judge's signature —— a classic example of exalting form over substance.

ENDRECORD

-8-

Judge DeMoss joins in Judge Dennis' dissent for the reasons stated therein and for the additional reason that the only reason this habeas matter is under AEDPA is the ineptitude of the state habeas judge in taking six years to reach a final decision on petitioner's claims.