# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### No. 02-30334
### Summary Calendar

---

**LAWYER WINFIELD, JR.,**

Petitioner-Appellant,

versus

**BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,**

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3596-E
--------------------
March 18, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawyer Winfield, Jr., Louisiana prisoner # 83494, appeals the district court's denial of his 28 U.S.C. 2254 petition challenging the reasonable doubt jury instruction at his trial. Winfield argues that the jury instruction for reasonable doubt given to the jury in his criminal trial was unconstitutional under Cage v. Louisiana, 498 U.S. 39 (1990). He notes that the instruction in his case contained all three phrases found objectionable in Cage, i.e., "grave uncertainty," "moral

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certainty," and "substantial doubt," as well as the articulation requirement condemned in <u>Humphrey v. Cain</u>, 120 F.3d 526, 530-31 (5th Cir. 1997), <u>adopted in relevant part</u>, 138 F.3d 552 (5th Cir. 1998)(en banc).

Winfield's reliance on <u>Humphrey</u> is misplaced. This court cannot consider the "articulation requirement" to be problematic "as the Supreme Court has never expressed disfavor with such language." <u>Mulheisen v. Ieyoub</u>, 168 F.3d 840, 844 n.2 (5th Cir. 1999). The AEDPA allows application only of Supreme Court rulings. <u>See</u> <u>id</u>.; 28 U.S.C. 2254(d)(1). Pursuant to § 2254(d), a federal court must defer to a state court's resolution of both pure questions of law and mixed questions of law and fact unless the state court's determination was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. <u>See</u> <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000); <u>see also</u> 28 U.S.C. § 2254(d)(1).

Although Winfield's instruction contained the three problematic phrases contained in the <u>Cage</u> instruction and in the unconstitutional instruction in <u>Morris v. Cain</u>, 186 F.3d 581 (5th Cir. 1999), it also contained the alternative definition, "abiding conviction" of the defendant's guilt, which was lacking in both <u>Cage</u> and <u>Morris</u>. This alternative definition of reasonable doubt places Winfield's instruction within the realm of the instructions found suitable in <u>Victor v. Nebraska</u>, 511 U.S. 1, 14-16 (1994). Accordingly, Winfield's reasonable doubt instruction passes

constitutional muster.  See id.  The state court's denial of relief on this claim was not contrary to clearly established federal law as determined by the Supreme Court.  2254(d)(1).

**AFFIRMED.**