United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41397
Summary Calendar

MICHAEL CRAIG LOLLAR,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-162
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Craig Lollar, Texas inmate #822448, appeals the denial of his 28 U.S.C. § 2254 petition. Lollar pleaded guilty to a charge of aggravated sexual assault of a child and was sentenced by the court to life imprisonment and a $5,000 fine.

The district court granted Lollar a certificate of appealability ("COA") on his claims that (1) his plea of guilty was involuntary in that Lollar's waiver of a jury trial on punishment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was predicated on counsel's erroneous advice that the jury would not be instructed on parole eligibility; (2) ineffective assistance of counsel at the punishment phase; (3) ineffective assistance of counsel in that his attorney failed to prepare for the trial or the punishment phase of the proceeding; (4) ineffective assistance of counsel relating to the polygraph examinations; (5) ineffective assistance of counsel stemming from the disclosure of information relating to the polygraph, thus breaching the attorney-client privilege; and (6) overall ineffective assistance of counsel.

Federal habeas relief may not be granted on questions adjudicated on the merits by a state court unless the state court's decision (1) was contrary to or was an unreasonable application of clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Lollar concedes that the state court applied the correct federal legal standard.

A state-court decision involves an unreasonable application of clearly established federal law if the state court "'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" Williams v. Taylor, 529 U.S. 362, 407-08 (2000). "'An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court

ruling was incorrect.'" Morris v. Cain, 186 F.3d 581, 584 (5th Cir. 1999).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's deficient performance caused him prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). A failure to establish either deficient performance or prejudice defeats the claim. Id. at 697. To demonstrate prejudice in a guilty plea context, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203, 204 (2001).

Lollar contends that counsel's advice that a jury would not be instructed on the amount of time that he had to serve prior to becoming eligible for parole caused him to waive the right to have the jury assess punishment and rendered his plea involuntary. Lollar asserts that the erroneous advice caused him to waive the right to have the jury assess punishment.

The record shows that Lollar understood the charges, was admonished as to the constitutional rights he was waiving and the sentence that he faced, and entered a knowing and voluntary plea. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Lollar admitted that he made the ultimate decision to have the judge

impose sentence. Lollar has not shown that counsel's advice resulted in an increased sentence. <u>Glover</u>, 531 U.S. at 203, 204.

Lollar contends that counsel's lack of preparedness for the hearing on punishment deprived him of the effective assistance of counsel. He asserts that counsel did not familiarize himself with the presentence investigation report ("PSI"), particularly the section containing the Sexual Assessment Inventory ("SAI") results; counsel did not consult Lollar's therapist or any other expert in psychology; counsel did not present an expert witness in psychology; and counsel did not investigate the psychological factors used to predict the likelihood of recidivism. Lollar contends that counsel did not inquire whether the State intended to present witnesses at the punishment hearing; did not move for a continuance when he learned that witnesses would testify; and did not request notice that the State intended to introduce evidence of extraneous offenses. Lollar argues that counsel did not insure that he had sufficient time to review the PSI; did not make sure that Lollar had reviewed the PSI; and did not review the PSI with Lollar.

Lollar asserts that counsel was unprepared to and did not rebut the State's evidence and that counsel did not present mitigation evidence on the issues of Lollar's remorse and his likelihood of recidivism. Lollar argues that counsel should have presented Lollar's apology video and expert witnesses to rebut the State's expert's testimony. Lollar asserts that counsel did not

argue for deferred adjudication and that counsel argued for Lollar to receive a severe sentence.

The record shows that counsel was sufficiently prepared and familiar with the PSI, adequately cross-examined the State's witnesses, and tried to rebut the State's evidence. Lollar has not shown prejudice from counsel's surprise at the State's presentation of witnesses or from counsel's failure to consult Lollar regarding the PSI. Lollar has not shown that a continuance would have been granted and would have been helpful. Lollar has not shown that the introduction of the apology video would have resulted in a reduced sentence; he has not indicated the content of the video, nor has he explained how this would have affected his sentence in light of the fact that victim did not receive the video, and his apology letter was before the court.

Lollar has not shown that the judge would have considered deferred adjudication and that counsel's remark that Lollar deserved "severe punishment" affected his sentence. Lollar has not shown that the introduction of expert evidence would have resulted in a less harsh sentence. Glover, 531 U.S. at 203, 204. Lollar contends that counsel was ineffective because he revealed negative polygraph results; did not advise Lollar that he had the right not to disclose the results of the polygraphs; did not protect the attorney-client privilege and allowed Lollar to admit offenses to his wife and family; advised Lollar to take additional polygraph examinations; disclosed the results of the additional polygraphs

without Lollar's knowledge or consent; did not advise Lollar that he had the right to obtain other counsel; and did not withdraw despite strong reservations about cross-examining a child witness. Lollar argues that if he had known that he could have withheld the polygraph results, he would not have pleaded guilty. He insists that counsel's decisions cannot be considered sound strategy.

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. <u>Strickland</u>, 466 U.S. at 690. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Id.</u> "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." <u>Green v. Johnson</u>, 116 F.3d 1115, 1122 (5th Cir. 1997).

At the punishment hearing, counsel objected to preserve the attorney-client privilege as to matters discussed in the office by the polygraph operator, counsel, and Lollar. Counsel admitted that as part of a strategy, Lollar and he decided to share information with the police. Lollar admits that he revealed information about the charged offense and other offenses to third parties.

The state court found that Lollar and his attorney decided to openly discuss the charges with the prosecution in order to mitigate the sentence. The state court also found that

the polygraph operator testified to facts that were divulged to the prosecution as a result of decisions made by Lollar and his attorney. These findings are presumed correct, and Lollar has not provided clear and convincing evidence to rebut them. 28 U.S.C. § 2254(e)(1).

The record shows that Lollar agreed to the initial strategy of taking a polygraph to avoid indictment and to preserve his reputation. Lollar was informed of counsel's strategy and acquiesced in the decisions. Lollar has not shown that reasonable jurists considering the question of the reasonableness of counsel's defense strategy would be of one view that the state court ruling was incorrect. See Morris, 186 F.3d at 584. Lollar has not shown that the state courts' decisions were unreasonable applications of clearly established federal law. 28 U.S.C. § 2254(d).

Lollar has not briefed the issue of overall ineffective assistance of counsel. Accordingly, the issue is waived. Smith v. Cockrell, 311 F.3d 661, 679 n.12 (5th Cir. 2002).

Lollar has not requested a COA on the claims of ineffective assistance of counsel on which the district court denied a COA, i.e., that counsel had a conflict of interest and that counsel abandoned Lollar and became an agent of the State. Accordingly, we do not address these issues. United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

Lollar asserts that he would not have pleaded guilty if counsel had advised him that he had the right to keep the polygraph results confidential and the right to go to trial even though counsel thought that he was guilty. Lollar contends that he should have been afforded an evidentiary hearing. The district court did not grant a COA on these issues, and Lollar has not requested a COA. We do not reach these issues. <u>Kimler</u>, 150 F.3d at 431.

Lollar has not shown that the state-court decisions that resulted in the denial of habeas relief were contrary to or were an unreasonable application of clearly established federal law as determined by the Supreme Court, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, the judgment of the district court is AFFIRMED.