**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-00552**
_____

IN RE: GREGORY SMITH,

                                                    Movant.

_____

Motion for an Order Authorizing the United States
District Court for the Eastern District of
Louisiana to Consider a Successive Habeas Corpus
Application
(E-97-2841)

_____

May 28, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Concerning the request by Gregory Smith, Louisiana prisoner #92399, for leave, pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), to file a successive 28 U.S.C. § 2254 habeas application in the district court, the principal issue at hand is whether, as required by AEDPA, 28 U.S.C. § 2244(b)(2)(A), Smith presents a new claim that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable". Because Smith does not do so, and because he fails to satisfy AEDPA as to the other new claim presented (concerning allegedly withheld exculpatory material), leave to file the successive application is **DENIED**.

I.

Smith was convicted in 1979 in Louisiana state court of second degree murder and sentenced to life in prison. *See* **State of Louisiana v. Smith**, 392 So. 2d 454 (La. 1980).

In 1997, Smith filed his fourth federal habeas application. The three prior filings are: **Gregory Smith v. Larry Smith**, No. 88-1111 (E.D. La. 21 Nov. 1988) (dismissed/denied with prejudice on the merits); **Gregory Smith v. Ross Magio, Jr.**, No. 83-883 (E.D. La. 20 Apr. 1983) (dismissed/denied with prejudice); and **Gregory Smith v. Charles Foti, Jr.**, No. 79-4613 (E.D. La. 4 Mar. 1980) (dismissed/denied without prejudice for failure to exhaust).

The district court construed Smith's petition, in part, as a motion for authorization for that court to consider Smith's successive application. But, as the district court recognized, under AEDPA, 28 U.S.C. § 2244(b)(3)(A), the decision whether a successive § 2254 application may be filed in district court is made instead by a court of appeals. Accordingly, pursuant to 28 U.S.C. § 1631, the district court transferred the application to our court for that filing-ruling. The district court ruled, by implication, that the two claims presented in the application had not been presented in a prior application. *See* 28 U.S.C. § 2244(b)(1).

In accordance with detailed instructions provided by our court to Smith, regarding the prerequisites for being permitted under AEDPA to file a successive application in district court, Smith

filed a motion in this court for leave to so file.  Attached to that motion is the proposed petition, with supporting documents.

This matter was held in abeyance, pending our en banc review in *Humphrey v. Cain*, 120 F.3d 526 (5th Cir. 1997), reinstated by 138 F.3d 552 (5th Cir. 1998) (en banc), because Smith's reasonable-doubt-jury-instruction-issue was similar to one in *Humphrey*.  Our en banc court having ruled in *Humphrey*, discussed *infra*, we can now decide whether Smith can file his successive application.

## II.

Again, because Smith attempted to file the application in 1997, we must apply AEDPA in determining whether it may be filed.  *See Lindh v. Murphy*, ____ U.S. ____, 117 S. Ct. 2059, 2063 (1997).  Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder

would have found the applicant guilty of the underlying offense.

In seeking leave to file his successive application, Smith presents two claims: for his trial for murder, the trial judge instructed erroneously on reasonable doubt, and the prosecutor withheld exculpatory material from the defense. Based upon the district court transfer order, discussed *supra*, we assume that the claims have not been "presented in a prior application"; had they been, Smith could not file them again. *See* 28 U.S.C. § 2244(b)(1).

A.

According to Smith, the jury was instructed, in relevant part, as follows:

> If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and to return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, yet, if it does not establish it beyond a reasonable doubt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty, raised in your minds as to the unsatisfactory character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant's guilt. A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt. It is such a doubt as a reasonable person would seriously entertain. It is a serious doubt for which you could give good reason.

In ***Cage v. Louisiana***, 498 U.S. 39, 41 (1990), the Supreme Court held that an instruction containing similar language was

unconstitutional, because it permitted finding guilt based upon a degree of proof below that required by the Due Process Clause of the Fourteenth Amendment.  Smith maintains that, for purposes of § 2244(b)(2)(A), *Cage* announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

It is undisputed that *Cage* announced a new rule of constitutional law.  *See **Sullivan v. Louisiana***, 508 U.S. 275, 282 (1993) (denying right to beyond-reasonable-doubt-jury-verdict is structural defect that takes away "basic protectio[n] whose precise effects are unmeasurable, but without which a criminal trial cannot reliably serve its function").  Moreover, the *Cage*-rule was "previously unavailable" to Smith; his last § 2254 application was denied in 1988, two years before the Supreme Court's decision in *Cage*.

We must deny leave to file this claim, however, because Smith fails to make a "prima facie showing", as required by § 2244(b)(2)(C), that the *Cage*-rule has been "made retroactive to cases on collateral review by the Supreme Court", as required by § 2244(b)(2)(A).  In so doing, we join those other circuits  holding that

> an application to file a second or successive habeas petition must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.

- 5 -

*Rodriguez v. Superintendent, Bay State Correctional Ctr.*, 1998 WL 119670 at \*5 (1st Cir. 1998); *see also* **In re Vial**, 115 F.3d 1192, 1197 (4th Cir. 1997) (en banc) ("a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding"); **In re Hill**, 113 F.3d 181, 184 (11th Cir. 1997) (**Cage**-rule not applicable in successive habeas petition because applicant failed to establish that Supreme Court has made the new rule of constitutional law retroactive to cases on collateral review). In short, as the First Circuit held in **Rodriguez**, "[Smith] is unable to identify a Supreme Court edict that renders **Cage** retroactively applicable to cases on collateral review." **Rodriguez**, 1998 WL 119670 at \*7.

Like the First Circuit in **Rodriguez**, 1998 WL 119670 at \*7, we cannot follow the approach utilized in **Nevius v. Sumner**, 105 F.3d 453 (9th Cir. 1996). It allowed a successive habeas application which claimed that **Cage** was made retroactive by the Supreme Court in **Adams v. Evatt**, 511 U.S. 1001 (1994). **Nevius** stated that, although the court was not "intimating any view concerning the merits of [the prisoner's] **Cage** claim, *or any view regarding whether he has in fact met the requirements of 28 U.S.C. § 2244(b)*, we conclude that he has made 'a prima facie showing that the application satisfies the requirements of this subsection.'" **Nevius**, 105 F.3d at 462 (emphasis added) (quoting 28 U.S.C. §

2244(b)(3)(C)). At the very least, this statement seems inconsistent. Moreover, the ruling seems to disregard the plain language of § 2244(b)(2)(A), which requires an applicant seeking to present a new claim in a successive application to "show[] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court". Again, Smith has not made the requisite prima facie showing.

In *Humphrey*, our en banc court held that *Cage*-errors, as clarified in *Victor v. Nebraska*, 511 U.S. 1 (1994) ("proper inquiry [in reviewing reasonable doubt instruction] is not whether instruction 'could have' been applied in unconstitutional manner, but whether there is a reasonable likelihood that the jury did so apply it"), qualify for retroactive application on collateral review. *Humphrey*, 138 F.3d at 553 (5th Cir. 1998) (en banc). Our en banc court relied upon the reinstated panel opinion, which held that, consistent with *Teague v. Lane*, 489 U.S. 288 (1989), "the Supreme Court has made it plain that *Cage-Victor* errors fit with the second *Teague* exception", and are to be applied retroactively. *Humphrey*, 120 F.3d at 529.

But, the § 2254 application in *Humphrey* was the first one in that case and was filed *prior* to the effective date of AEDPA. Therefore, that application did not have to clear the "formidable barriers erected by [§ 2244(b)(2)(A)]", as does Smith. *Id.* at 529. In short, "AEDPA sets tough standards that severely restrict state prisoners' abilities to file second or successive habeas petitions." *Rodriguez*, 1998 WL 119670 at *7.

- 7 -

Accordingly, our en banc decision in **Humphrey** does not control whether, in the light of § 2244(b)(2)(A), an applicant can file a successive § 2254 application.

In denying Smith leave to now file this **Cage**-rule claim, we are neither presented with, nor do we intimate any view on, whether, should the Supreme Court make **Cage** retroactive to cases on collateral review, Smith can then file this claim. *See* 28 U.S.C. § 2244(b)(1).

B.

As for his claim that the State withheld exculpatory material in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), Smith presents a copy of the first, and perhaps second, page of a New Orleans Police Department report. Smith contends it shows that the arresting officer had received information from another officer, who in turn had received it from his confidential informant, that someone else had committed the crime. Smith states that he did not become aware of this until 1990, 11 years after his trial in 1979.

"A successful **Brady** claim must show (1) the prosecution's suppression of the evidence, (2) the favorableness of that evidence, and (3) the materiality of that evidence." **United States v. Green**, 46 F.3d 461, 464 (5th Cir.), *cert. denied*, 515 U.S. 1167 (1995). Evidence is material only if a reasonable probability exists that, had the evidence been disclosed, the result of the proceeding would have been different. **Id.** And, if the defendant, using reasonable diligence, could have obtained the information, a

***Brady*** claim does not arise.  ***Williams v. Scott,*** 35 F.3d 159, 163 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137 (1995).

A fact-based claim of this type, presented for the first time in a successive § 2254 application, must be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence", and the facts underlying the claim "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense".  28 U.S.C. § 2244(b)(2)(B)(i-ii).

Even assuming that Smith has discovered new evidence that was unavailable to him earlier, the submitted portion of the report, which merely contains descriptive information about the crime, falls far short of satisfying § 2244(b)(2)(B)(ii).

### III.

For the foregoing reasons, Smith's motion for leave to file this fourth § 2254 application in district court is

***DENIED.***