[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13999
Non-Argument Calendar
_____

D.C. Docket Nos. 8:10-cv-00972-SCB-TBM,
8:08-cr-00289-SCB-TBM-1

JERRY JAMES MORRIS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 16, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Jerry Morris, a federal prisoner, appeals the district court's denial

of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C.

§ 2255.  Morris pled guilty to being a felon in possession of a firearm and had prior Florida convictions for felony battery, aggravated battery, and selling cocaine. Based upon his prior convictions, the district court concluded that Morris was subject to the statutory-minimum penalty of 15 years' imprisonment under the Armed Career Criminal Act ("ACCA") and imposed an equivalent sentence on February 19, 2009.  Morris did not appeal.  He thereafter filed the instant motion to vacate on April 12, 2010, claiming that his felony-battery conviction no longer qualified as a violent felony under the ACCA pursuant to *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010), and thus, he was no longer subject to the ACCA's enhanced penalty.  The district court, however, dismissed Morris's motion to vacate as untimely after concluding that *Johnson* has not been retroactively applied to cases on collateral review.

The district court subsequently issued a certificate of appealability ("COA") and certified two issues: (1) whether *Johnson* applies retroactively on collateral review so that Morris timely filed his motion to vacate; (2) and whether an erroneous ACCA sentence violates due process.  On appeal, Morris answers these questions in the affirmative, and the government concedes *Johnson*'s retroactivity, and that an erroneous ACCA sentence violates due process.  Nonetheless, the government argues that we need not address the constitutional issue because

2

Morris was properly sentenced under the ACCA inasmuch as his felony-battery conviction qualifies as a violent felony.

We review *de novo* questions of law related to a district court's denial of a motion to vacate. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). The scope of our review is limited by the issues specified in the COA. *Id*. at 1290-91. A prisoner who is in custody under a federal sentence may move the district court to vacate, set aside, or correct his sentence if he claims the right to his release upon the ground that his sentence was imposed in violation of the constitution or federal law, the district court lacked jurisdiction to impose his sentence, his sentence exceeded the maximum authorized by law, or his sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A federal prisoner must file a motion to vacate within one year of the latest of: (1) the date upon which the underlying judgment of conviction became final; (2) the date upon which the impediment to making a motion created by the government in violation of the constitution or federal law is removed, so long as the prisoner was prevented from making a motion by the government; (3) the date upon which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date upon which the facts supporting the claim "could have been discovered through the exercise of due

diligence." *Id*. § 2255(f).  A court other than the Supreme Court may determine retroactivity under § 2255(f)(3), and, in deciding retroactivity, we apply the *Teague*[1] rubric.  *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012), *cert. denied*, 81 U.S. L.W. 3092, (U.S. Feb. 25, 2013) (No. 12-164). Under that rubric, we first decide whether the Supreme Court announced a new rule in the decision in question.  *Id*.  If so, then we must "determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review."  *Id*. at 1208.  *Teague* established two such exceptions: (1) "new rules that place certain kinds of primary conduct beyond the reach of criminal law;" and (2) "decisions that announce 'watershed rules of criminal procedure.'"  *Id*. (citing *Teague*, 489 U.S. at 311-12, 109 S. Ct. at 1076).

A defendant convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of 10 years' imprisonment.  18 U.S.C. § 924(a)(2).  Under the ACCA, however, that same defendant is subject to a term of 15 years' to life imprisonment if he has 3 previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another.  *Id*. § 924(e)(1).  Thus, a defendant who is erroneously sentenced under the ACCA is necessarily sentenced in excess of the statutory

---

[1] *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

maximum.  *See Gilbert v. United States*, 640 F.3d 1293, 1319 n.20 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S.Ct. 1001 (2012).

In Florida, a person commits a battery if he actually and intentionally touches or strikes another person against that person's will, or intentionally causes bodily harm to another person.  Fla. Stat. § 784.03(1)(a).  This offense is punishable by up to five years' imprisonment if the offender has a prior battery conviction.  *Id*. § 775.082(3)(d); Fla. Stat. § 784.03(2).

The Supreme Court decided *Johnson* on March 2, 2010, and defined the term "physical force" in the ACCA's elements clause as meaning "*violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at __, 130 S. Ct. at 1271.  A Florida battery offense, however, only requires the slightest intentional physical contact, and a defendant could commit the offense through, for example, a non-consensual tap on the shoulder. *See id*. at __, 130 S. Ct. at 1269-70 (citation omitted).  Accordingly, *Johnson* held that a Florida battery offense under § 784.03 does not categorically meet the elements clause's physical force requirement, and, therefore, did not categorically constitute a violent felony under the elements clause.  *See id*. at __, 130 S. Ct. at 1268-74.

We accept the government's concessions that *Johnson* retroactively applies on collateral review so that Morris timely filed his motion to vacate, and that an

erroneous ACCA sentence violates due process.  The district court did not decide whether Morris's felony-battery conviction constitutes a violent felony, and we deem it appropriate that the district court decide that issue in the first instance. Accordingly, after reviewing the record and reading the parties' briefs, we vacate the district court's judgment and remand this case for a determination as to whether Morris was properly sentenced under the ACCA.

**VACATED AND REMANDED.**