[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11560
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-00086-WTH-PRL

DEON LIONEL WILSON,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Deon Lionel Wilson, a pro se federal prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2241 federal habeas corpus petition arguing that his

sentence under the Armed Career Criminal Act ("ACCA") exceeded the statutory

maximum sentence.  Wilson argues that because the savings clause of 28 U.S.C. § 2255(e) applies to his claim, the district court erred in dismissing his § 2241 habeas petition.  After careful review, we affirm.

The availability of habeas relief under § 2241 presents a question of law that we review de novo.  Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.  Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).  The "savings clause" of § 2255, however, permits a federal prisoner, under limited circumstances, to file a habeas petition under § 2241.  28 U.S.C. § 2255(e).  In order for a district court to entertain a § 2241 petition attacking custody resulting from a federally imposed sentence, the petitioner must establish that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."  Sawyer, 326 F.3d at 1365.  Since the savings clause is a jurisdictional provision, a petitioner must make the "inadequate or ineffective" showing before the court has jurisdiction to review the § 2241 petition.  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339-40 (11th Cir. 2013), petition for cert. filed, (U.S. April 8, 2014).

Although the scope of the § 2255(e) savings clause has not been fully defined, we've found that § 2255's remedy is not inadequate or ineffective under the savings clause simply due to the restriction that a prisoner who has previously filed an unsuccessful § 2255 motion to vacate his conviction generally may not file a second or successive § 2255 motion without our prior authorization. Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) ("Gilbert II"). In an early case, we noted that a petitioner meets the requirements of the savings clause when: (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, on appeal, or in his first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). However, we later limited Wofford, saying that its test established necessary, but not sufficient, conditions for a sentencing claim to be viable under § 2255(e)'s savings clause. Williams, 713 F.3d at 1343-44. We've also said that "[e]ven if a petitioner succeeds in making Wofford's three-part showing, he would then need to demonstrate 'actual innocence' of the crime for which he was convicted to demonstrate an entitlement to relief." Turner v. Warden Coleman FCI, 709 F.3d 1328, 1333 n.2 (11th Cir. 2013).

3

In Bryant v. Coleman, 738 F.3d 1253 (11th Cir. 2013), we addressed whether a petitioner can use the savings clause to "open the portal" to § 2241 where an erroneous application of the ACCA resulted in a sentence that exceeded the statutory maximum sentence.  Based on Wofford, Gilbert II, and Williams, we said that a petitioner seeking to establish that his prior § 2255 motion had been "inadequate or ineffective to test the legality of his detention" must make a five-part showing.  Bryant, 738 F.3d at 1274.  He must demonstrate that: (1) throughout his sentencing, on direct appeal, and the first § 2255 proceeding, our  binding precedent had specifically addressed his distinct prior state conviction that triggered § 924(e) and had squarely foreclosed his § 924(e) claim that he was erroneously sentenced above the ten-year statutory maximum penalty in § 924(a); (2) a Supreme Court decision announced after his first § 2255 proceeding overturned our precedent that had squarely foreclosed his § 924(e) claim; (3) the Supreme Court's new rule applies retroactively on collateral review; (4) as a result of the new rule being retroactive, his current sentence exceeds the ten-year statutory maximum authorized in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e) error claim of illegal detention above his statutory maximum penalty in § 924(a).  Id.

Under Florida law, "battery by a detainee" occurs when a person who is being detained in a prison, jail, or other detention facility commits battery upon

any visitor to the detention facility or upon any other detainee in the detention center. Fla. Stat. § 784.082. Battery is defined as actually and intentionally touching or striking another person against the will of the other; or intentionally causing bodily harm to another person. Fla. Stat. § 784.03. Prior to the Supreme Court's decision in United States v. Johnson, simple battery under Florida law constituted a violent felony for ACCA purposes. United States v. Johnson, 528 F.3d 1318, 1321 (11th Cir. 2008), rev'd, 559 U.S. 133 (2010). The Supreme Court concluded in Johnson that where it could not be shown that a defendant convicted of the Florida offense of battery did anything more than actually and intentionally touch the victim, he did not use the physical force required to constitute a violent felony under ACCA. Johnson, 559 U.S. 136-41. Where a statute includes statutory phrases that require violent force and phrases that do not require violent force, the modified categorical approach allows examination of the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented to determine which statutory phrase was the basis for the conviction. Id. at 136-37. Undisputed facts in the PSI can also be relied on for this purpose. United States v. Ramirez-Flores, 743 F.3d 816, 820 (11th Cir. 2014). We've previously accepted the government's concession that Johnson is retroactively applicable. See Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012).

In <u>Descamps v. United States</u>, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single, indivisible set of elements." <u>See</u> 133 S.Ct. 2276, 2281-82 (2013). The Supreme Court itself has not expressly declared <u>Descamps</u> to be retroactive to cases on collateral review. Moreover, <u>Descamps</u> was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. <u>Cf</u>. <u>In re Anderson</u>, 396 F.3d 1336, 1339 (11th Cir. 2005) (holding that <u>United States v. Booker</u>, 543 U.S. 220 (2005), was not retroactively applicable in part because the Supreme Court had decided it on direct appeal, and had not applied it to a case on collateral review).

In this case, Wilson cannot meet the requirements in <u>Bryant</u> to show that the savings clause of 28 U.S.C. § 2255(e) applied. Among other things, he cannot establish that throughout his sentencing, direct appeal, and first § 2255 proceeding, binding precedent squarely foreclosed his claim that his prior battery by a detainee conviction did not constitute a violent felony. Indeed, even assuming that <u>Johnson</u> (a simple battery case) foreclosed Wilson's claim, <u>Johnson</u> was published in 2008, well after Wilson's 2003 conviction, his appeal, and his first § 2255 were concluded, and we've found no precedent precluding Wilson from arguing at the time of these proceedings that battery on a detainee was not a violent felony. Also

6

too late for Wilson was <u>United States v. Glover</u>, 431 F.3d 744 (2005), which involved the Florida crime of battery on a law enforcement officer. Wilson thus cannot meet the first requirement of <u>Bryant</u> and cannot proceed through § 2241.

But even if Wilson's claim could have succeeded in opening the portal to a § 2241 proceeding, he could not prevail on the merits of his claim. To begin with, the Supreme Court's decision in <u>Johnson</u> does not indicate that the Florida offense of battery is never a violent felony; rather, it provides that the modified categorical approach should be utilized to determine whether the offense would qualify as a violent felony. <u>Johnson</u>, 559 U.S. at 136-37, 144-45. Here, the facts from Wilson's PSI, which he did not object to, clearly indicate that his offense, which involved punching another detainee, involved physical force. In addition, breaking the detainee's nose constituted intent to cause bodily harm. Therefore, Wilson's offense constitutes a violent felony, even in light of <u>Johnson</u>. <u>Id</u>.; <u>Ramirez-Flores</u>, 743 F.3d at 820.

<u>Descamps</u> does nothing to alter this conclusion. Under <u>Descamps</u>, the modified categorical approach applies only to divisible statutes. 133 S.Ct. at 2281-82. Florida's battery statute is divisible because a person may commit battery by engaging in any of three distinct acts. <u>See</u> Fla. Stat. § 784.03. Because Wilson's offense constitutes a violent felony even in light of <u>Johnson</u> and <u>Descamps</u>, the

7

ACCA would properly apply, and Wilson's claim would have no merit.

Accordingly, we affirm the district court's dismissal of Wilson's § 2241 petition.

**AFFIRMED.**