# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 14-30805

_____

In re: JULIUS L. JACKSON,

Movant

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

_____

Motion for an order authorizing
the United States District Court for the
Western District of Louisiana, Alexandria to consider
a successive 28 U.S.C. § 2255 motion

_____

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:

Julius L. Jackson, federal prisoner # 05408-028, moves for authorization to file a successive 28 U.S.C. § 2255 motion. He seeks to challenge his conviction for assault on federal property resulting in serious bodily injury. He contends that three of his Indiana state court convictions did not qualify as crimes of violence for sentencing purposes. He relies on *Begay v. United States*, 553 U.S. 137 (2008), *Johnson v. United States*, 559 U.S. 133 (2010), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Morris v. United States*, 516 F. App'x 882 (11th Cir. 2013) (per curiam), in support of his argument.

Pertinent here, this court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

No. 14-30805

28 U.S.C. § 2255(h)(2); *see also* 28 U.S.C. § 2244(b)(3)(C).[1] When a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding." *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998) (citation and internal quotation marks omitted); *see also In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam) (applying the same rule to deny authorization for filing a second or successive § 2255 motion); *cf. also Tyler v. Cain*, 533 U.S. 656, 662–63 (2001) (considering identical language in § 2244(b)(2)(A) for filing successive state habeas petitions under § 2254, holding that only the Supreme Court can make a new rule retroactive under § 2244(b)(2)(A)). We apply this standard and conclude that Jackson has failed to show that he relies on any new rules of constitutional law that have been made retroactive to cases on collateral review by the Supreme Court.

The federal habeas statutes applicable to prisoners challenging federal judgments expressly address the relevance of a "new" right or rule to a federal judgment habeas applicant in two different ways: (1) where an applicant is seeking to bring a second or successive motion for habeas relief (28 U.S.C. § 2255(h)(2), which references the procedures in 28 U.S.C. § 2244); and (2) where an applicant is attempting to calculate the date of the one-year period of limitation for bringing an application (28 U.S.C. § 2255(f)(3)). Both ways involve a "new" ruling by the United States Supreme Court. However, in the case of the former, it must be a "new rule of constitutional law, made

---

[1] Jackson does not claim any "newly discovered evidence" as required by 28 U.S.C. § 2255(h)(1).

2

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(2). In the case of the calculation of limitations, the period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). This rule does not expressly require a "new rule" of *constitutional* law and does not expressly state that the Supreme Court must determine the applicability of the new rule on collateral review.

The barriers to bringing second or successive motions are intentionally high. *See McCleskey v. Zant*, 499 U.S. 467, 492 (1991) (noting that second or successive federal habeas petitions further "[p]erpetual disrespect for the finality of convictions," which "disparages the entire criminal justice system" and "war[s] with the effectiveness of underlying substantive commands," "deplet[ing] the resources needed for federal litigants in the first instance, including litigants commencing their first federal habeas action" (internal quotation marks omitted)); *cf. Felker v. Turpin*, 518 U.S. 651, 663–64 (1996) (internal citations and quotation marks omitted) (describing the historical expansion of the writ of habeas corpus and Congress's attempts to limit its availability, especially for second and successive petitions, through AEDPA). In balancing concerns of finality and recognizing new rights applicable to federal prisoners, Congress thus distinguished in the habeas statutes applicable to prisoners challenging federal judgments between second or successive federal habeas motions and initial motions that are filed more than one year from the date of finality. *See generally Woodford v. Garceau*, 538 U.S. 202, 206 (2003) ("Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of

comity, finality, and federalism . . . ." (internal citations and quotation marks omitted)).

As mentioned above, Jackson's application rests upon the more stringent standard of § 2255(h)(2). We thus turn to examining the cases upon which he relies to support his application. In *Begay*, a direct appeal, the Supreme Court held that predicate violent felonies under the Armed Career Criminal Act ("ACCA") are limited to those offenses characterized by "purposeful, violent, and aggressive conduct." *See Begay*, 553 U.S. at 140, 144–45 (citation and internal quotation marks omitted). The Court did not purport to announce a "new" rule of constitutional underpinning.[2] However, even assuming the rule was new and constitutionally based, the Court did not state that its holding was retroactively applicable on collateral review, and we have found no Supreme Court precedent declaring that it is applicable to cases on collateral review. *Begay* thus does not provide a basis for Jackson's successive § 2255 motion. *See In re Bradford*, 660 F.3d 226, 230–31 (5th Cir. 2011) (per curiam) (holding that a successive motion premised on *Begay* did not meet the § 2255(h) requirements).[3]

---

[2] Federal courts apply the analysis from *Teague v. Lane*, 489 U.S. 288 (1989), to determine whether a rule is the type of new rule that may be applied retroactively on collateral review. *See, e.g.*, *Jones v. United States*, 689 F.3d 621, 624–26 (6th Cir. 2012); *see generally Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (describing the *Teague* analysis); *O'Dell v. Netherland*, 521 U.S. 151, 156–57 (1997) (same, and noting a "new" constitutional rule is one that would have made a court considering a defendant's direct appeal feel "compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution" (internal citations and quotations marks omitted)).

[3] Whatever its merits, Jackson's reliance on *Morris*, 516 F. App'x 882, is misplaced, as it is not a Supreme Court decision. Furthermore, *Morris* involved the "newly recognized" *right* issue, which arises when calculating the limitations period for bringing a habeas petition under 28 U.S.C. § 2255(f)(3). Finally, *Morris* involved a concession by the government of retroactive applicability. *Id.* at 884. The government has made similar concessions in other cases. *See Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013) (recognizing the government's concession); *Rozier v. United States*, 701 F.3d 681, 684 (11th

No. 14-30805

Although other circuits have addressed *Begay* in other contexts, none have found *Begay* to announce a new rule of constitutional law retroactively applicable to permit a second or successive § 2255 petition. *See Bryant v. Warden, FCC Coleman–Medium*, 738 F.3d 1253, 1274, 1277–79 (11th Cir. 2013) (holding that *Begay* announced a new substantive rule that allowed a federal prisoner to bring a §2241 claim under the savings clause of § 2255(e) and specifically limiting its analysis to a first § 2255 petition or the type of § 2241 claim brought in *Bryant*)[4]; *Jones v. United States*, 689 F.3d 621, 623–26 (6th Cir. 2012) (holding *Begay* "is a new *substantive* rule" under the *Teague* analysis and applying it to calculate the limitations period under § 2255(f)(3) for an *initial* § 2255 motion (emphasis added)); *Lindsey v. United States*, 615 F.3d 998, 999–1000 (8th Cir. 2010) (same); *Welch v. United States*, 604 F.3d 408, 411–12, 413–15 (7th Cir. 2010) (holding *Begay* "retroactively applicable on collateral review" to an *initial* § 2255 motion as a new, "statutory," substantive rule under the *Teague* analysis). Indeed, *Bryant* emphasized that the Supreme Court's "*jurisprudence* about retroactivity generally is quite different from the stricter, *statutory* retroactivity requirements in 28 U.S.C. § 2255(h), which govern *second or successive* § 2255 motions." 738 F.3d at 1278 (emphasis in original). Thus, these cases address different statutory provisions and concepts; our holding is not contrary to them. We hold that *Begay* does not permit Jackson's application.

---

Cir. 2012) (same). No such concession is involved here, so we need not decide what effect such a concession would have.

    [4] The "savings clause" of § 2255(e), which is construed as allowing relief under 28 U.S.C. § 2241 when a § 2255 remedy is "inadequate . . . to test the legality of his detention," *see Bryant*, 738 F.3d at 1262–64, does not expressly mention "new rules," but such a requirement has developed in the case law. *See Reyes-Requena v. United States*, 243 F.3d 893, 901–04 (5th Cir. 2001) (our circuit's precedent regarding "savings clause" cases).

In *Johnson*, another direct appeal, the Supreme Court held that the term "physical force" in the ACCA meant "*violent* force . . . capable of causing physical pain or injury to another person." *See Johnson*, 559 U.S. at 137, 140 (emphasis in original). The Court in *Johnson* did not state that its holding was a new rule with constitutional underpinnings or that it was retroactively applicable on collateral review, and we have found no Supreme Court precedent declaring that it is applicable to cases on collateral review. *Johnson* thus does not provide a basis for Jackson's successive § 2255 motion. *See In re Tatum*, 233 F.3d at 859.

In *Descamps*, another direct appeal, the Supreme Court held that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction "has a single, indivisible set of elements." *See Descamps*, 133 S. Ct. at 2281–82. Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review. *Cf. United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ("[T]he *Descamps* decision did not recognize a new right."). Again, we have found no Supreme Court precedent declaring *Descamps* to be applicable to cases on collateral review. *Descamps* thus does not provide a basis for Jackson's successive § 2255 motion. *See In re Tatum*, 233 F.3d at 859; *see also Groves v. United States*, 755 F.3d 588, 593 (7th Cir.) (acknowledging in passing that "the Supreme Court has not made *Descamps* retroactive on collateral review") *cert. denied*, 135 S. Ct. 501 (2014); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750, 753 (11th Cir. 2014) (per curiam) ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review. Moreover, *Descamps* was

decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.").

Therefore, we hold that none of the cases on which Jackson relies, including *Begay*, *Johnson*, and *Descamps*, authorizes Jackson to file his proposed successive § 2255 motion.[5]

IT IS ORDERED that the motion for authorization is DENIED.

---

[5] We need not and do not decide whether those cases contain "new substantive rule[s]" that could be retroactively applicable on collateral review under § 2241 within the meaning of "our stringent savings clause test," or to petitioners bringing an initial habeas motion under § 2255(f)(3). *See Reyes-Requena*, 243 F.3d at 905–06; *Jones*, 689 F.3d at 625.