# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50678

In re: LEYUMBA WEBB,

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Lyle W. Cayce
Clerk

Movant

Motion for an order authorizing
the United States District Court for the
Western District of Texas, Austin to consider
a successive 28 U.S.C. § 2255 motion

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Leyumba Webb, federal prisoner # 28913-180, seeks authorization to file a successive 28 U.S.C. § 2255 motion challenging the 210-month sentence imposed following his conviction for possession of crack cocaine with intent to distribute. In a successive § 2255 motion, Webb seeks to raise a claim that the determination that he was a career offender under U.S.S.G. § 4B1.1 was erroneous in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). In the alternative to being granted authorization to file a successive § 2255 motion, Webb seeks a writ of audita querela.

This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[1] or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C).  As *In re Jackson* makes clear, "[w]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he 'must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.'"  No. 14-30805, ___ F.3d ___, 2015 WL 127370, at *1 (5th Cir. Jan. 8, 2015) (per curiam) (quoting *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998), and citing *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam)).  *Descamps* has not been made retroactive to cases on collateral review by the Supreme Court and "does not provide a basis for [Webb's] successive § 2255 motion."  *In re Jackson*, 2015 WL 127370, at *3.

Furthermore, a prisoner may not seek a writ of audita querela if he "may seek redress under § 2255."  *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).  Although Webb cannot meet the requirements for bringing a successive § 2255 motion, this does not render the § 2255 remedy unavailable.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam).

Accordingly, IT IS ORDERED that Webb's motion for authorization to file a successive § 2255 motion is DENIED.

---

[1] Webb does not identify any newly discovered evidence on which his claim is based, and, even if he did, this would not be sufficient as Webb is challenging only his sentence. *See In re Webster*, 605 F.3d 256, 257–58 (5th Cir. 2010).