# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10717

In re: LENTHELL LALINCE ROSEMOND,

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Movant

Lyle W. Cayce
Clerk

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Dallas to consider
a successive 28 U.S.C. § 2255 motion

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Lenthell Lalince Rosemond, federal prisoner # 21320-077, moves for authorization to file a successive 28 U.S.C. § 2255 motion to challenge his convictions for conspiring to commit bank robbery, aiding and abetting entry into a bank to commit robbery, aiding and abetting armed bank robbery, and aiding and abetting the carrying of a firearm during a crime of violence. He seeks to raise claims that (1) he received an improper career offender adjustment pursuant to U.S.S.G. § 4B1.1 in light of, *inter alia, Descamps v. United States,* 133 S. Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and (2) his conviction under 18 U.S.C. § 924(c) was unconstitutional in several respects based upon affidavit evidence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10717

This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C).

*In re Jackson* makes clear that "[w]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he 'must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.'" No. 14-30805, ___ F.3d ___, 2015 WL 127370, at *1 (5th Cir. Jan. 8, 2015) (per curiam) (quoting *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998), and citing *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam)). The Supreme Court has not made *Descamps* retroactively applicable to cases on collateral review. *In re Jackson*, 2015 WL 127370, at *3.[1]

Rosemond also purports to rely on newly discovered evidence in the form of affidavits from two of his co-conspirators to support claims that he was improperly convicted of aiding and abetting the carrying of a firearm during a crime of violence. Rosemond claims in his motion that someone named "Bubba" provided his co-conspirators with the firearm at issue; yet, the

---

[1] To the extent Rosemond relies on *Moncrieffe* for relief, he has not shown that *Moncrieffe* contains a new rule of constitutional law that applies retroactively to cases on collateral review. *Cf. In re Jackson*, 2015 WL 127370, at *1–2; *see also Moncrieffe*, 133 S. Ct. at 1687.

2

affidavits do not mention "Bubba."  Moreover, the affidavits do not "establish by clear and convincing evidence that no reasonable factfinder would have found [Rosemond] guilty of the [§ 924(c)] offense," particularly since Rosemond fails to summarize or address with any specificity the evidence of his guilt that was adduced at trial.  § 2255(h)(1).

Rosemond has not made the necessary showing.  IT IS ORDERED that Rosemond's motion for authorization to file a successive § 2255 motion is DENIED.