# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10730

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Lyle W. Cayce
Clerk

In re: KENNETH RAY JOHNSON,

Movant

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Lubbock to consider
a successive 28 U.S.C. § 2255 motion

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth Ray Johnson, federal prisoner # 38827-177, moves for authorization to file a successive 28 U.S.C. § 2255 motion to challenge his 160-month sentence for his conviction of aiding and abetting the distribution of methamphetamine.  He seeks to raise a claim challenging his career offender enhancement in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

A prisoner who wishes to file a second or successive § 2255 motion must obtain authorization to do so from a court of appeals.  28 U.S.C. §§ 2244(b)(3)(C), 2255(h).  Contrary to Johnson's arguments, his proposed § 2255 motion is successive, and he must obtain authorization to file it.  *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10730

*Leal Garcia v. Quarterman*, 573 F.3d 214, 221–22 (5th Cir. 2009); *United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000); *cf. United States v. Rich*, 141 F.3d 550, 551–53 (5th Cir. 1998).

To obtain authorization, Johnson must make a prima facie showing that his proposed § 2255 motion relies on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C). Johnson does not assert that his claim is based on newly discovered evidence. *See* § 2255(h)(1). To the extent that he relies on *Descamps* for authorization, *Descamps* "does not provide a basis for [Johnson's] successive § 2255 motion." *In re Jackson*, No. 14-30805, ___ F.3d ___, 2015 WL 127370, at *1, 3 (5th Cir. Jan. 8, 2015) (per curiam) (holding that "[w]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he 'must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.'" (quoting *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998), and citing *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam))).

Accordingly, IT IS ORDERED that Johnson's motion for authorization to file a successive § 2255 motion is DENIED.