# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10708

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2015

Lyle W. Cayce
Clerk

In re: CURTIS ONEAL RHINE,

Movant

Motion for an order authorizing
the United States District Court for the
Northern District of Texas, Fort Worth to consider
a successive 28 U.S.C. § 2255 motion

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Curtis Oneal Rhine, federal prisoner # 36888-177, seeks authorization to file a successive 28 U.S.C. § 2255 motion to challenge his convictions and sentences for possession with intent to distribute cocaine base and possession of a firearm by a felon. If granted authorization, Rhine intends to argue that he was not convicted of any involvement in a certain drug trafficking ring and that the district court nonetheless used this involvement to enhance his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10708

sentence.  Additionally, he seeks to argue that his counsel provided ineffective assistance by failing to file a motion to suppress.

This court may authorize the filing of a second or successive § 2255 motion only if the movant makes a prima facie showing that his claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C).  Rhine does not contend that his claims rely on newly discovered evidence.  Instead, he argues that the Supreme Court established new rules of constitutional law in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

*In re Jackson* makes clear that "[w]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he 'must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.'"  No. 14-30805, ___ F.3d ___, 2015 WL 127370, at *1 (5th Cir. Jan. 8, 2015) (per curiam) (quoting *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998), and citing *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (per curiam)). The Supreme Court has not made *Alleyne* retroactively applicable to cases on collateral review.  *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam).  Likewise, *Descamps* has not been made retroactively applicable to cases on collateral review and "does not provide a

basis for [Rhine's] successive § 2255 motion." *In re Jackson*, 2015 WL 127370, at *3.

Accordingly, IT IS ORDERED that Rhine's motion for authorization to file a successive § 2255 motion is DENIED.