FILED
United States Court of Appeals
Tenth Circuit

March 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARRY DON SCOTT, JR.,

Defendant-Appellant.

No. 14-5117
(D.C. Nos. 4:14-CV-00346-CVE-
TLW, 4:10-CR-00087-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN,** and **GORSUCH**, Circuit Judges.

Garry Scott pleaded guilty to being a felon in possession of a firearm and failing to appear at a court date. At sentencing, the district court reviewed Mr. Scott's criminal record and found he had at least three prior violent felony convictions, so it applied a sentencing enhancement under the Armed Career Criminal Act (ACCA) and ordered him to serve 262 months in federal prison. *See* 18 U.S.C. § 924(e). Mr. Scott now seeks to correct his sentence under 28 U.S.C. § 2255, arguing the district court erred in applying the ACCA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

But this is not Mr. Scott's first § 2255 petition, and we cannot authorize a second or successive collateral attack unless he (1) presents newly discovered evidence suggesting his innocence or (2) identifies a new rule of constitutional law retroactively applicable to his case.  28 U.S.C. § 2255(h).  Invoking the second exception, Mr. Scott argues he should be resentenced in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).  But *Descamps* did not announce a new rule of constitutional law — it merely clarified, as a purely statutory matter, when prior convictions qualify as violent felonies under the ACCA.  *See* 133 S. Ct. at 2281-82; *see also Ezell v. United States*, No. 14-71696, 2015 WL 294306, at *4 (9th Cir. Jan. 23, 2015) (holding that *Descamps* is not a "constitutional" decision for purposes of § 2255(h)); *In re Jackson*, No. 14-30805, 2015 WL 127370, at *3 (5th Cir. Jan. 8, 2015) (same).  Because § 2255(h) provides no remedy for a second or successive petition "based on intervening judicial interpretations of statutes" like the ACCA, we see no path forward for Mr. Scott's second collateral attack.  *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013).

Mr. Scott's application for a certificate of appealability is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 2 -