# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30420

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DWAYNE D. MORGAN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Middle District of Louisiana

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Defendant Dwayne D. Morgan ("Morgan") challenged his sentence by filing a motion under 28 U.S.C. § 2255. The district court denied the challenge. Because the motion was not timely filed, we AFFIRM.

## I. Background

Morgan pleaded guilty, pursuant to a written plea agreement, to felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Morgan was sentenced in 2010 pursuant to the Armed Career Criminal Act ("ACCA") to fifteen years in prison because at least three of his four prior convictions for purse snatching, aggravated battery, second degree battery, and second degree robbery qualified as "violent felonies." 18 U.S.C. § 924(e). Judgment was

No. 15-30420

entered on April 22, 2010.  Morgan did not appeal his conviction or sentence. Therefore, his conviction became final on May 6, 2010.[1]

On June 20, 2013, the Supreme Court decided *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Less than a year later, on April 28, 2014, Morgan filed the instant § 2255 motion, arguing that the Supreme Court's recent decisions, including *Descamps*, rendered one or more of his underlying predicate felony offenses ineligible for consideration as a violent felony under the ACCA.  The district court dismissed Morgan's § 2255 motion as time barred because *Descamps* was not retroactively applicable to cases on collateral review.  The district court granted a Certificate of Appealability ("COA") on the issue of whether *Descamps* applies retroactively to cases on collateral review. Morgan filed a timely appeal from the district court's order.

## II.  Standard of Review

"We review the district court's factual findings relating to a § 2255 motion for clear error and its conclusions of law *de novo.*"  *United States v. Olvera*, 775 F.3d 726, 728–29 (5th Cir. 2015) (quoting *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009)).

## III. Discussion

Prisoners generally must file a § 2255 motion within one year of the date the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Morgan effectively admits that he did not do so but argues that his motion is nonetheless timely because it was filed within one year of the Supreme Court's decision in *Descamps*.  He contends that the date *Descamps* was issued

---

[1] A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires.  *Clay v. United States,* 537 U.S. 522, 527 (2003).  Since no appeal was taken, Morgan's conviction became final fourteen days after judgment was entered.  FED. R. APP. P. 4(b).

restarted his filing clock as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). We hold that *Descamps* did not restart the clock because, even though Morgan filed his motion within a year of *Descamps*, the right Morgan asserts was not newly recognized by *Descamps*.

In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. In other words, a district court at sentencing may only review certain materials when determining whether a prior conviction qualifies as an ACCA predicate if the predicate statute is divisible, i.e., if it lists potential offense elements in the alternative. *Id.* at 2282–86. Importantly, in explaining its holding, the Court stated that prior "caselaw explaining the categorical approach and its 'modified' counterpart all but resolve[d] th[e] case." *Id.* at 2283. After explaining four of its precedents, the Court observed that limiting application of the modified categorical approach to divisible statutes was "the only way" it had "ever allowed" courts to use the categorical approach. *Id.* at 2283–85 (citing *Johnson v. United States*, 559 U.S. 133 (2010); *Nijhawan v. Holder*, 557 U.S. 29 (2009); *Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990)).

Neither this court nor the Supreme Court has addressed whether the Supreme Court recognized a new right in *Descamps* under § 2255(f)(3). Examining a different subsection of the same section, § 2255(h)(2), we concluded that "[n]othing in *Descamps* indicates that its holding announced a

new rule that was constitutionally based."[2]  *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015); *see also Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.) (holding that "[t]he Supreme Court did not announce a new rule in *Descamps*" while evaluating a motion under § 2255(h)), *cert. denied*, 136 S. Ct. 256 (2015)). However, *Jackson* explicitly declined to address cases involving petitioners bringing an initial habeas motion under § 2255(f)(3) and, therefore, does not answer the question presented.  776 F.3d at 296 n.5.

Other circuits that have reached this issue when evaluating an initial habeas motion under § 2255 have uniformly held that *Descamps* did not announce a new rule.  *See Mays v. United States,* 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("*Descamps* . . . did not establish a new rule."); *see also United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) (noting on direct appeal that "[t]he Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued").[3]

We agree with our sister courts that *Descamps* did not establish a new rule.  A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government."  *Teague*, 489 U.S. at 301.  Stated

---

[2]  The subsection addressed in *Jackson* ((h)(2)) requires a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" whereas the subsection addressed here focuses on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[3] Several unpublished cases have come to the same conclusion: *King v. United States*, 610 F. App'x 825, 828 (11th Cir.) ("As for *Descamps,* it is not a new rule. It merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies."), *cert. denied*, 136 S. Ct. 349 (2015); *United States v. Hopson*, 589 F. App'x 417 (10th Cir. 2015) ("Descamps did not recognize a new right, but rather applied existing doctrine.").

differently, "[a] rule is 'new' under *Teague* unless it was so '*dictated* by precedent existing at the time the defendant's conviction became final.'" *United States v. Amer*, 681 F.3d 211, 213 (5th Cir. 2012) (quoting *Teague*, 489 U.S. at 301). Dictated by precedent means that "*no other* interpretation was reasonable." *Lambrix v. Singletary*, 520 U.S. 518, 538 (1997). For example, a rule that applies a general principle to a new set of facts typically does not constitute a new rule. *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013). In determining whether a rule is new, we look to: "(1) whether the decision announcing the rule at issue purported to rely on 'controlling precedent'; (2) whether there was a 'difference of opinion on the part of . . . lower courts that had considered the question'; and (3) whether the Justices expressed an 'array of views.'" *Amer*, 681 F.3d at 213 (citations omitted).

At the time of *Descamps*, there appears to have been a difference of opinion between four courts of appeals as to whether the modified categorical approach applied only to divisible statues. *Descamps*, 133 S. Ct. at 2283 n.1.[4] Additionally, Justice Alito dissented from the *Descamps* majority, essentially agreeing with the Ninth Circuit's interpretation of the law. *See id.* at 2286 n.3. However, "the standard for determining when a case establishes a new rule is 'objective,' and the mere existence of conflicting authority does not necessarily mean a rule is new." *Wright v. West*, 505 U.S. 277, 304 (1992) (O'Connor, J., concurring) (quoting *Stringer v. Black,* 503 U.S. 222, 237 (1992)). Furthermore, the "mere existence of a dissent [does not] suffice[] to show that

---

[4] Compare *United States v. Descamps*, 466 F. App'x 563, 565 (9th Cir. 2012) (applying the modified categorical approach to § 459), *rev'd*, 133 S. Ct. 2276 (2013) and *United States v. Armstead*, 467 F.3d 943, 947–50 (6th Cir. 2006) (applying that approach to a similar, indivisible statute), *abrogated by Descamps v. United States*, 133 S. Ct. 2276 (2013), with *United States v. Beardsley*, 691 F.3d 252, 268–74 (2d Cir. 2012) (holding that the modified categorical approach applies only to divisible statutes), and *United States v. Giggey*, 551 F.3d 27, 40 (1st Cir. 2008) (en banc) (same).

the rule is new." *Beard v. Banks*, 542 U.S. 406, 416 (2004); *cf. Amer*, 681 F.3d at 213 (holding that the "array of views expressed by the Justices," along with the fact that a case "departed markedly from the legal landscape" was sufficient to show that a case was new within the meaning of *Teague* (citations omitted)).

We agree with the Eighth Circuit that we "must rely principally on the rationale articulated by the Court in its decision." *Headbird*, 813 F.3d at 1097. As explained above, *Descamps* clearly relies on existing precedent. The Court explicitly says so and spends nearly the whole opinion explaining that viewpoint. 133 S. Ct. at 2283–93. This clarity outweighs any apparent disagreement among the circuits and the justices. We conclude, therefore, that Morgan's § 2255 motion challenging his sentence is not timely.

AFFIRMED. Motion to appoint counsel DENIED.